Frost, J.
delivered the opinion of the Court.
The jury were correctly instructed in the law applicable to the case ; and the appeal is from the verdict, on the evidence. The questions of fact, on which the verdict depends, are whether John was hired to the defendants as a house carpenter ; did the accident, which caused his death, happen in the course of his employment as a house carpenter? and pertinent to this, is a circular saw, propelled by steam, a proper implement of a carpenter’s trade, or of so dangerous a kind that the defendant should be made liable for any injury it might do ? and if both these last inquiries be decided against the defendant, did the plaintiff know of the use of the circular saw by the defendant, in his workshop, so that the knowledge and consent of the defendant to the use of it by John, may be presumed ?
It is to be inferred from the evidence, that John was hired as a house carpenter. It is proved that the defendants were house carpenters and joiners. They had, in their workshop, circular saws driven by steam. John was put to all kinds of carpenter’s work. Every hand got out his own stuff; and John, as well as the others, got out his stuff at the circular saw. He was sawing laths for a house defendants were building, when he received the injury. John thus is proved to have been employed as a house carpenter. The next question, and that most strenuously argued against the verdict, is whether a circular saw is a fit implement of a carpenter's trade. There is no evidence that it differs from a common circular saw, and no inquiry having been made concerning it, justifies the inference that its fixture and use were well known to the jury. What is a proper implement of a carpenter’s trade, is certainly not a question of law, and of course the jury were alone competent to decide. In a large and the most thriving section of our country, circular saws are in almost universal use, by mechanics of every kind; and when the superstitious dread of steam shall have yielded to experience of its great utility and familiarity with its use, no master workman, in our own State, will carry on a trade without its valuable aid in propelling circular saws and other implements of his craft. It cannot be questioned that a saw is the proper tool of a carpenter, indispensable in every workshop. The objection to a circular saw, driven by steam, must consist in the danger attending its use. Four mechanics, who were familiar with its use, testified that it. was not attended with danger. Three, who did not use it, indulged apprehensions. Kelso and Frey, who work at defendants’s shop, state that all the hands, including apprentices, work at the saw, and the accident to John is .the only one which has ever happened. Boatwright puts any of his hands at it, and no accident, except of a trivial character, has occurred.— *90 These facts outweigh the opinions of the witnesses who háve t not used it. All say that it requires care. That is required in the use of all edge tools. This is evidence enough to support the verdict, in finding that the same is not dangerous } or not so dangerous as to make the defendants liable for an injury which may occur to a hired carpenter in the use of it. But even if it were a dangerous implement, there is evidence by which the conclusion may be supported, that the plaintiff knew of its use by the defendants’s workmen, and thereby consented to the use of it by John. The case has been argued for the appellant, as if John was put to work the saw. If he had been set apart to that employment, that would have been a breach of the implied contract of hire. But the proof is uncontradicted that he was employed in all kinds of carpenter’s work, and used the saw only when a saw was necessary in the performance of his work.
In the opinion of a majority of the Court, the verdict is well supported by the evidence, and the motion is refused.
Evans, J. and Wirhers, J. concurred.